UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATYSHA SHORT, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> *Defendant*. | Civil Action No. 1:21-cv-01525 (CJN) |

**MEMORANDUM OPINION**

In this pro se action styled "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)," ECF No. 4, Latysha Short, a District of Columbia resident, alleges that her medical file received from the District of Columbia Department of Corrections contained an erroneous test result. According to Short, the "misdiagnosis" has adversely affected her "continued medical treatment and quality of care" and "left [her] open for invalid claims and mental stress." Compl. at 5. She seeks at least $2 million in damages. *See id*. at 8.

Short has filed numerous motions in this litigation, including a Motion for Leave to Amend her Complaint and a Motion for Voluntary Dismissal. *See* Mot., ECF No. 76; *see also* Mot., ECF No. 83. The District of Columbia has also moved to dismiss, both for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6). *See* Mot., ECF No. 45. For the following reasons, the Court will dismiss the Complaint for lack of jurisdiction.

1

## I.  LEGAL STANDARD

On a motion to dismiss for lack of subject-matter jurisdiction, "the party asserting federal jurisdiction . . . has the burden of establishing it," and the Court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).  Although pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[,]" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quotation marks and citation omitted), the pleader is not excused from the burden of establishing subject-matter jurisdiction, *see Hospers v. Von Prince*, No. 1:20-cv-03020, 2021 WL 6844902, at *3 (D.D.C. Dec. 21, 2021) (observing that "[t]here is no exception for pro se plaintiffs" who file jurisdictionally defective complaints) (citing *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014)).

"[I]n deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Bennett v. Ridge*, 321 F. Supp. 2d 49, 52 (D.D.C. 2004).  "Before proceeding to the merits of a case, the court must confirm that it has Article III jurisdiction." *Lovitky v. Trump*, 949 F.3d 753, 758 (D.C. Cir. 2020).

## II.  ANALYSIS

### A.  Subject-Matter Jurisdiction

The District of Columbia argues that Short has not established subject-matter jurisdiction. *See* Mem. of P & A., ECF No. 45-1 at 3-5.  The Court agrees.  Short alleges breach of contract and invokes diversity jurisdiction.  But diversity jurisdiction requires that the controversy be between "citizens of different States," 28 U.S.C. § 1332(a), which simply is not the case here.  *See Barwood,*

*Inc. v. Dist. of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000) (recognizing that the District of Columbia is not subject to diversity jurisdiction because it, "like a state, is not a citizen of a state (or of itself) for diversity purposes."). Therefore, the Complaint will be dismissed without prejudice.[1]

### B. Motion for Leave to Amend

Short has numerous motions pending, all of which—save the motion to amend—are rendered moot by the Court's dismissal for lack of jurisdiction. Short seeks "permission to amend the complaint . . . to use the correct form," which she describes as the "civil rights complaint form non-prisoner." Mot. for Leave to File Am. Compl., ECF No. 76. at 1, 2. She admits that "[t]he substance of the case will not be changed in any manner." *Id*. at 2.

The "grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), justice does not always require the Court to grant leave to amend. "Leave may properly be denied if the proposed amendment is futile, such that it would not withstand a motion to dismiss." *Singletary v. Howard Univ.*, 939 F.3d 287, 295 (D.C. Cir. 2019) (cleaned up). Given Short's admission that the substance of the Complaint would not change—only the format—the Court agrees that the amended Complaint

---

[1] Short does not invoke federal question jurisdiction, *see* 28 U.S.C. § 1331, in her Complaint, and a "plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss," *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010); *cf.* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 53 at 1-2 (mentioning 42 U.S.C. § 1983 and the Fourteenth Amendment). To the extent that Short relies on the Health Insurance Portability and Accountability Act (HIPPA), *see* Compl. at 6, that federal statute "does not authorize an individual to bring a private cause of action." *Want v. Express Scripts, Inc.*, 862 F. Supp. 2d 14, 19 (D.D.C. 2012).

could not survive another motion to dismiss. *See* Def.'s Opp'n to Pl.'s Mot. for Leave to File Am. Compl., ECF No. 82 at 4-5. Accordingly, leave to amend the Complaint is denied as futile.

## III.  CONCLUSION

For the above reasons, the Court grants the District of Columbia's motion to dismiss for lack of subject-matter jurisdiction and denies Short's motion for leave to amend her Complaint. All other pending motions are accordingly moot.

An Order will be released contemporaneously with this Memorandum Opinion.

DATE:  August 17, 2022

                                               CARL J. NICHOLS
                                               United States District Judge